UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

DANA TURBYFILL,                    )
                                   )
           Plaintiff,              )
                                   )    No.:
vs.                                )
                                   )    Jury Demand
TENNESSEE DEPARTMENT OF            )
HUMAN SERVICES,                    )
                                   )
           Defendant.              )

## COMPLAINT

Pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., as amended, Plaintiff files this lawsuit against Defendant and alleges the following.

### Parties and Jurisdiction

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is an agency of the State of Tennessee.

3. Defendant is a direct recipient of federal funding and many of its programs and services are funded through grants and other funds provided by federal agencies, such as the United States Department of Labor and the United States Department of Education.

4. Defendant has thousands of employees.

5. Plaintiff is a citizen of Tennessee and a resident of McMinn County, Tennessee.

### Facts

6. Plaintiff was employed by Defendant in its childcare licensing program from approximately January 19, 2011 until September 21, 2022. She was based in Defendant's office

located in Cleveland, Bradley County, Tennessee.

7. Plaintiff worked as a licensing consultant. Her duties included making unannounced visits to childcare facilities to ensure that the facilities were complying with regulations. Plaintiff performed her work in Bradley, Hamilton, and McMinn Counties.

8. Before March of 2022, Plaintiff suffered from medical conditions that included degenerative conditions in her neck and jaw. Plaintiff had previously received medical treatment and surgery for these conditions.

9. In approximately late March of 2022, Plaintiff suffered a head injury and an injury that exacerbated the medical conditions in her neck and jaw. Plaintiff received medical treatment and testing after the injury. Plaintiff promptly informed Defendant about her medical condition.

10. Plaintiff's treating doctor ordered that Plaintiff remain off work while she recovered from her injuries. Plaintiff's treating doctor ordered that Plaintiff could return to work on October 10, 2022. Plaintiff provided this information to Defendant and requested leave from work until her return date of October 10, 2022. The requested leave imposed no undue hardship on Defendant.

11. In approximately late March of 2022, Defendant placed Plaintiff on leave, with a return-to-work date of October 10, 2022.

12. On or about September 21, 2022, Defendant terminated Plaintiff's employment without warning solely because she was still on leave due to her medical condition.

13. If Defendant had not terminated Plaintiff's employment, she would have returned to work on October 10, 2022, and would have continued to work until her retirement. Accordingly, Plaintiff has sustained lost wages and lost benefits as a result of Defendant's termination of her employment.

## Violations of the Rehabilitation Act

14. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations contained in paragraphs 1-13 above.

15. Plaintiff was a qualified individual with a disability as defined by 29 U.S.C. § 705(20).

16. Defendant was a "program or activity" as defined by 29 U.S.C. §794(b)(1).

17. Pursuant to 29 U.S.C. §794(a), Defendant was prohibited from discriminating against Plaintiff based on her disability.

18. Pursuant to 29 U.S.C. §794(d), the standards used to determine whether Defendant violated 29 U.S.C. §794(a) by discriminating against Plaintiff in her employment based on her disability are the same standards applied under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, et seq., and the provisions of sections 501 through 504, and 510 of the ADA, 42 U.S.C. §§ 12201-12204 and 12210, as such sections relate to employment.

19. While she was employed by Defendant, Plaintiff had a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(A) and 12102(2). More specifically, Plaintiff's medical conditions substantially limited major life activities such as working. In addition, Plaintiff's conditions and their symptoms substantially limited the operation of major bodily functions that included orthopedic functions.

20. While she was employed by Defendant, Plaintiff had a record of a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(B) and 12102(2).

21. While she was employed by Defendant, Defendant regarded Plaintiff as having a

physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(2) and (3).

22. Based on the foregoing, Plaintiff had a "disability" as defined by 42 U.S.C. § 12102(1).

23. Plaintiff is an individual who, with or without reasonable accommodation, was able to perform the essential functions of her job. Accordingly, Plaintiff is a "qualified individual" as defined by 42 U.S.C. §12111(8).

24. Defendant discriminated against Plaintiff on the basis of disability with regard to the termination of her employment, in violation of 42 U.S.C. § 12112(a).

25. As described in the Facts section above, the actions taken and conduct engaged in by Defendant that violated 42 U.S.C. § 12112(a) include, but are not limited to:

(a) failing to communicate and engage in an interactive process with Plaintiff in an effort to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5) and federal regulations;

(b) failing to provide a reasonable accommodation, including a reasonable period of leave, as required by 42 U.S.C. § 12112(b)(5); and

(c) terminating Plaintiff's employment due to her disability.

26. By terminating Plaintiff's employment after she requested a reasonable accommodation, Defendant retaliated against Plaintiff in violation of 42 U.S.C. §12203(a).

27. Based on the foregoing, Defendant violated Section 794(a) of the Rehabilitation Act.

28. As a result of Defendant's violations of the Rehabilitation Act, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) damages for loss of benefits;

(d) prejudgment interest;

(e) statutory attorney's fees;

(f) the costs and expenses of this action; and

(g) all other general legal and equitable relief to which she may be entitled.

Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.1 (TN 13839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff